Appeal by the defendant from an order of the County Court, Westchester County (Cacace, J.), entered November 28, 2011, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
Ordered that the order is affirmed, without costs or disbursements.
A court has the discretion to downwardly depart from the presumptive risk level in a proceeding under the Sex Offender Registration Act (hereinafter SORA) (see Correction Law art 6-C) only after the defendant makes a twofold showing. First, the defendant must identify “as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines” (People v Wyatt, 89 AD3d 112, 128 [2011]). Second, the defendant must prove by a preponderance of the evidence the facts necessary to support that mitigating factor (id.). In the absence of that twofold showing, the court lacks discretion to depart from the presumptive risk level (see People v Martin, 90 AD3d 728, 728-729 [2011]; People v Wyatt, 89 AD3d at 124). Here, the only appropriate mitigating factor that the defendant identified was his assertedly “excep *492 tional” response to treatment (People v Washington, 84 AD3d 910, 911 [2011]). Inasmuch as the defendant failed to satisfy his burden of proving by a preponderance of the evidence facts supporting a departure on this ground, the court lacked the discretion to downwardly depart from the presumptive risk level (see People v Watson, 95 AD3d 978 [2012]).
The defendant was not deprived of his right to effective representation at the SORA hearing (see People v Bowles, 89 AD3d 171, 179 [2011]). Florio, J.P., Balkin, Hall and Miller, JJ., concur.